IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
MAY 21 2010
Superior Court of the
District of Columbia
Washington, D.C.

Carolyn R. Miller )
2321 Lincoln Road, NE )
Apt. # 105 )
Washington, DC 20002-1132 )   0003526-10
    Plaintiff )
  vs. ) Civil Action No. _____
Community Connections, Inc. )
801 Pennsylvania Ave., S.E. )
Suite 201 )
Washington, DC 20003 )
    Defendant )
 )

## COMPLAINT

1. Plaintiff, Carolyn R. Miller, by and through her undersigned counsel, brings this civil action against Defendant Community Connections, Inc. seeking damages and other relief because the Defendant failed to pay her proper minimum and overtime wages in violation of the District of Columbia Minimum Wage Revision Act, D.C. Code §32-1001 *et seq.*, the District of Columbia Wage Payment and Collection Law, D.C. Code §32-1301 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §§200-218.

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to the District of Columbia Minimum Wage Revision Act 32-§1012 (b), the District of Columbia Wage Payment and Collection Law, §32-1308 (a), and the Fair Labor Standards Act, 29-§216 (b).

3. Venue is proper as Defendants are located in the District of Columbia, and all relevant actions took place in the District of Columbia.

## PARTIES

4. Plaintiff, Carolyn R. Miller, is a resident of the District of Columbia.

5. Defendant, Community Connections, Inc., among other activities, is engaged in the business of providing residences to care and serve those with special needs arising from HIV and AIDS, Dual-Disorders (of mental health and addictions), and Trauma/Recovery in the Washington D.C. metropolitan area. Community Connections, Inc. is incorporated and registered in the District of Columbia.

6. At all times pertinent to this action, Defendant was the employer of the Plaintiff.

## STATEMENT OF MATERIAL FACTS

7. Plaintiff was a residential counselor for Community Connections, Inc. from September 1998 through January 29, 2010, working at its facility located at 1330 G St., N.W., Washington, DC.

8. As a residential counselor, Plaintiff's primary duties included providing assistance to residents with tasks of daily living, administering medications, maintaining records on each resident and care provided, maintain inventories of supplies to administer and operate the facility, and food preparation, cooking, and cleaning.

9. At the time of her initial employment and continuing until some time during the spring of 2009, a few months before her termination of employment, Plaintiff regularly worked two 24-hour shifts per week plus a 24-hour shift every third Sunday.

10. Plaintiff was on-call and subject to the resident's demands during her 24-hours shift but was only paid for 15 hours of each such 24-hours shift.

11. Commencing during March or April 2009, Plaintiff regularly worked three 12 ½-hour shifts plus a 12 ½ hour shift every other Sunday but was paid for only 12 hours. Plaintiff was provided no break (or lunch break) during such shifts.

12. From January 1, 2007 through December 31, 2009, Plaintiff was entitled to additional compensation of at least $32,500.

**COUNT 1**
**FAILURE TO PAY WAGES UNDER THE**
**DC WAGE PAYMENT AND WAGE COLLECTION LAW**

13. Plaintiff hereby incorporates paragraphs 1-12 as if fully stated herein.

14. Plaintiff is an "employee within the meaning of the District of Columbia Wage Payment and Collection Law ("DCWPCL"). D.C. Code §32-1301 (2).

15. Defendant is an "employer" within the meaning of DCWPCL. D.C. Code § 1301 (1).

16. DCWPCL required employers to pay employees all wages earned at least twice during each calendar month. D.C. Code §32-1302.

17. Plaintiff was entitled to the minimum wage and overtime pay at one and one-half times her regular rate of pay as part of her wages. D.C. Code §32-1003 (a) & (c).

18. Defendant violated the DCWPCL by failing to pay Plaintiff proper wages and overtime wages, by not compensating Plaintiff for hours required to be at the employer's facility performing services for the Defendant. As a result, Plaintiff has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees. D.C. Code §321307 (a) & (b).

### COUNT 2
### FAILURE TO PAY OVERTIME WAGES
### UNDER THE DISTRICT OF COLUMBIA MINIMUM WAGE REVISION ACT

19. Plaintiff hereby incorporates paragraphs 1-12 as if fully stated herein.

20. Plaintiff is an "employee" within the meaning of the D.C. Minimum Wage Revision Act ("DCMWRA"). D.C. Code §32-1002 (2). Plaintiff is a non-exempt employee within the meaning of DCMWRA. D.C. Code §32-1004.

21. Defendant is an "employer" within the meaning of DCMWRA. D.C. Code §1002 (3).

22. DCMWRA requires that employers pay non-exempt employees overtime wages equal to one and a half times the regular hourly rate for work performed by employees in excess of forty hours per week. D.C. Code §32-1003 (c).

23. Defendant violated the DCMWRA by failing to pay Plaintiff proper overtime wages. D.C. Code §32-1003 (c). As a result of the Defendant's violation of DCMWRA, Plaintiff has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees. D.C. Code §32-1012 (a) & (c).

### COUNT 3
### FAILURE TO PAY OVERTIME WAGES
### UNDER THE FAIR LABOR STANDARDS ACT

24. The Plaintiff hereby incorporates paragraphs 1-12 as if fully stated herein.

25. Plaintiff is an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §203 (e) (1). Plaintiff is a non-exempt employee within the meaning of FLSA. 29 U.S.C. §213 (a) & (b).

26. Defendant is an "employer" within the meaning of FLSA. 29 U.S.C. §203 (d).

27. FLSA requires that employers pay non-exempt employees overtime wages equal to one and a half times the regular hourly rate for work performed by employees in excess of forty hours per week. 29 U.S.C. §207.

28. Defendant violated the FLSA by failing to pay Plaintiff overtime wages. As a result, Plaintiff has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages and attorneys' fees. 29 U.S.C. §216 (b).

## **PRAYER FOR RELIEF**

29. WHEREFORE, Plaintiff respectfully prays that this Court render judgment in her favor on all counts and grant the following relief:

a. Award compensatory damages of at least $32,500 or such greater amount to be determined by the Court;

b. Award statutory liquidated damages in the amount equal to the unpaid wages and overtime earned by Plaintiff as determined by the Court;

c. Award pre-judgment and post-judgment interest on all monetary awards;

d. Award reasonable attorneys' fees and the costs of this action;

e. Award punitive damages in an amount to be determined; and

f. Grant such other relief as justice may required.

Dated: May 21, 2010

Respectfully Submitted,

Carolyn R. Miller, by counsel

Arthur Rogers, D.C. Bar No. 390844
Employment Justice Center
727 15th St. NW, 2nd floor
Washington, D.C. 20005
(202) 828-9675 ext. 21 (phone)
(202) 828-9190 (facsimile)
arogers@dcejc.org

Joseph Semo, D.C. Bar No. 237461
Semo Law Group
1800 M St., NW, Ste. 730 S
Washington, D.C. 20036
(202) 833-7366 (phone)
(202) 478-0919 (facsimile)
joesemo@joesemo.com